IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02752-BNB

LINAYA HAHN,

    Plaintiff,

v.

US BANK,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,
THE PUBLIC TRUSTEE OF BOULDER COUNTY, and
SHERIFF OF BOULDER COUNTY,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Linaya Hahn, initiated this action by filing **pro se** a "Complaint to Stop Eviction and to Nullify Foreclosure Sale" on October 21, 2011. She filed an amended complaint on November 29, 2011, asserting state law claims arising out of the foreclosure sale of certain real property located in Boulder, Colorado ("the Property"). Ms. Haun has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Ms. Hahn is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, her confusion of various legal theories, her poor syntax and sentence construction, or her unfamiliarity with pleading

requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se** litigant. **See id.** For the reasons set forth below, the Complaint will be dismissed.

Ms. Haun challenges a foreclosure proceeding initiated by Defendant U.S. Bank against the Property in the Boulder County District Court. Plaintiff alleges that U.S. Bank does not have the rights of a holder in due course to the deed of trust to the Property and, therefore, had no legal right to initiate a foreclosure proceeding because the Bank failed to comply with certain state statutory requirements and is not in possession or control of the original promissory note. Plaintiff alleges that "in the absence of authority to foreclose and proven damages, U.S. Bank was not entitled to an order authorizing sale." Amended Compl., at 29. Ms. Haun further challenges the foreclosure sale on the bases that the Property is patented and argues that any debt she owed on the Property has been discharged in a bankruptcy proceeding. She asserts various state law claims based on alleged deficiencies in the state foreclosure proceeding and fraudulent misrepresentation. Ms. Haun seeks declaratory relief, an order enjoining Defendants from evicting Plaintiff or any other person from the Property during the pendency of this action, and asks the Court to cancel the alleged debt and "reverse or annul the fraudulent foreclosure sale." **Id.** at 33. Plaintiff further seeks an award of damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. **See**

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. In the amended complaint, Ms. Haun does not allege that any of the defendants violated her federal constitutional or statutory rights. Instead, she asserts only state law claims for relief. The amended complaint thus does not implicate a federal question. *See* 28 U.S.C. § 1331. Ms. Haun must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain her action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Ms. Haun has not alleged an adequate basis for exercising diversity

jurisdiction over her state law claims. Plaintiff alleges that she resides in Lyons, Colorado. Ms. Haun further alleges that Defendants, The Public Trustee of Boulder County and the Boulder County Sheriff, county officials, work principally in Boulder, Colorado. Plaintiff does not allege that these individuals reside outside of Colorado. The allegations of the amended complaint do not show complete diversity between the parties and are therefore insufficient to invoke this Court's diversity jurisdiction.

The Court notes that Ms. Haun's original complaint included a claim that Defendants have deprived her of her property without due process of law in violation of the federal Constitution. However, the federal claim is omitted from Plaintiff's amended complaint. Generally, the filing of an amended complaint supersedes the original complaint "and renders it of no legal effect." **See Davis v. TXO Prod. Corp.**, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, **Fed. Practice and Procedure** § 1476 (1990). Even if the Court were to construe Ms. Haun's pleadings together to find that she continues to assert a federal due process claim in her amended complaint, the Court lacks subject matter jurisdiction over Plaintiff's claims because she is asking the Court to review the foreclosure proceeding in the Boulder County District Court.

The **Rooker-Feldman** doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. **See District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462, 486 (1983); **Rooker v. Fidelity Trust Co.**, 263 U.S. 413, 415-16 (1923). The

*Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148; *see also Mann v. Boatright,* 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment); *Pittsburgh County Rural Water Dist. No. 7 v. City of Maltster*, 358 F.3d 694, 707 (10th Cir. 2004) (federal claim is inextricably intertwined with state

court judgment if the state court judgment "caused, actually and proximately, the injury for which [the party] seeks redress").

Ms. Haun's claims are inextricably intertwined with the state court judgment. Plaintiff's federal due process claim is premised on the argument that Defendants have violated her constitutional rights by depriving her of the Property in a foreclosure proceeding without providing her adequate notice and an opportunity to be heard. Compl., at 2. Ms. Haun's state law claims assert numerous deficiencies and fraud during the state foreclosure proceeding, all of which stem from her contention that Defendant U.S. Bank has no legal right to the Property. Furthermore, Plaintiff asks this Court to "annul" the foreclosure sale and to award her compensatory damages. In short, all of Ms. Haun's claims appear to be inextricably intertwined with a state court order finding her in default on her mortgage payments and authorizing the foreclosure. ***See, e.g., Broke v. Chase Home Finance, LLC,*** No. 10-CV-00692-WYD-MJW, 2010 WL 2691693 at *6 (D. Colo. July 6, 2010) (claim that bank lacked a valid security interest was resolved against plaintiff in the state court foreclosure proceeding in determining that a default occurred and was barred by ***Rooker-Feldman*** doctrine); ***Mayhew v. Cherry Creek Mortg. Co., Inc.,*** No. 09-cv-00219-PAB-CBS, 2010 WL 935674 at **16-17 (D. Colo. March 10, 2010) (claim seeking to challenge or reverse completed state foreclosure proceeding was barred by ***Rooker-Feldman*** doctrine); ***Burlinson v. Wells Fargo Bank, N.A.***, No. 08-cv-01274-REB-MEH, 2009 WL 646330 at **5-6 (D. Colo. March 9, 2009) (same).

If Ms. Haun's claims are not barred by the **Rooker-Feldman** doctrine, she must nonetheless pursue relief in the state courts. Colo. R. Civ. P. 120(d) provides for review of an order authorizing sale in "any court of competent jurisdiction." However, the Colorado Rules of Civil Procedure cannot confer jurisdiction in federal court. The Court has federal question jurisdiction over the federal due process claim and could potentially exercise supplemental jurisdiction over a Rule 120 proceeding claim, pursuant to 28 U.S.C. § 1367. However, this Court's exercise of supplemental jurisdiction over the plaintiff's Rule 120 proceeding is inappropriate for two reasons. First, § 1367 allows federal courts to decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Here, whether U.S. Bank had the legal right under state law to foreclose on the Property is the crux of Plaintiff's case, as well as the basis of her federal due process claim. **See Burlinson**, 2009 WL 646330 at *6. Thus, the Rule 120 proceeding initiated by Defendant U.S. Bank substantially predominates over the federal claim. **Id.**

Second, the exercise of supplemental jurisdiction over the Rule 120 proceeding is not warranted where there is an ongoing state proceeding and the state court provides an adequate forum to present any federal challenges. **Id.** at *7 (citing **Younger v. Harris**, 401 U.S. 37 (1971)). **Younger** abstention is appropriate where the state courts provide an adequate forum to hear the claims raised in the federal complaint and the state proceedings involve important state interests. **See Weitzel v. Div. of Occupational & Prof'l Licensing**, 240 F.3d 871, 875 (10th Cir. 2001). In this

7

case, it is unclear whether there is an ongoing state proceeding at this time.  If there has been a final judgment, **Rooker-Feldman** applies.  If the Rule 120 proceeding is ongoing, Ms. Haun can continue to challenge the foreclosure sale and U.S. Bank's legal right to the Property in the state courts.  Furthermore, matters concerning foreclosure have traditionally been resolved in the state courts.  **See** Colo. R. Civ. P. 120(f) (providing that "[a]ny proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located.").  Accordingly, the Court finds that, to the extent the Plaintiff's claims are not barred by **Rooker-Feldman**, this Court should abstain from exercising jurisdiction over the claims to allow her to pursue her legal remedies in the state district and appellate courts.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  **See Coppedge v. United States**, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that Defendant U.S. Bank's Motion to Dismiss Plaintiff's Amended Complaint, filed December 5, 2011 (Doc. #5) is DENIED as moot. It is

FURTHER ORDERED that the Complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  20th  day of    December    , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court